**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| KELVIN JAMES,<br>Plaintiff,<br>v.<br>NEVADA DEP'T OF CORRECTIONS, *et al.*,<br>Defendants. | Case No. 2:25-cv-01515-RFB-BNW<br>**ORDER** |

*Pro se* Plaintiff Kelvin James, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil-rights complaint ("FAC") under 42 U.S.C. § 1983 (ECF No. 8). The Court accepts the FAC as the operative complaint in this case. James has also filed multiple applications to proceed *in forma pauperis*, as well as numerous motions. See ECF Nos. 4, 9, 11, 12, 13, 17. For the following reasons, the Court finds that Mr. James fails to state a colorable claim, dismisses the case with prejudice, and denies Mr. James's application to proceed *in forma pauperis* and his various motions as moot.

## I. FACTUAL ALLEGATIONS

The events of the FAC happened while Mr. James was incarcerated at High Desert State Prison ("HDSP"). See ECF No. 1-1. Mr. James alleges that on March 29, 2025, Defendant Ingrid Trascan issued a false disciplinary write-up against him for failure to follow rules and regulations. See id. at 2. In October, Sergeant Correy found Mr. James not guilty of any disciplinary or rule infraction. See id. Mr. James now brings the instant complaint alleging that Defendant Trascan committed perjury and violated Nevada regulations in issuing the disciplinary write-up.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent

standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

A reviewing court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

All or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, such as claims against defendants who are immune from suit and claims of infringement of a legal interest that clearly does not exist. See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## III. DISCUSSION

Based on the allegations summarized above, James brings a Fourteenth Amendment due process claim as well as a claim under Nevada law against Defendants Nevada Department of Corrections and Ingrid Trascan. See ECF No. 1-1 at 1, 4. The Court addresses these claims below.

### A. Fourteenth Amendment Due Process Claim

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Sandin v. Conner, 515 U.S. 472, 487 (1995). In Conner, the Supreme Court held that an incarcerated person has a liberty interest when confinement "imposes [an] atypical and significant hardship. . . in relation to the ordinary incidents of prison life." Id. at 484. The Supreme Court found that the plaintiff in

Conner did not possess a liberty interest in avoiding disciplinary segregation because: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. Id. at 486–87.

Incarcerated individuals charged with disciplinary violations are entitled to process, where prison officials must provide (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence for the charge, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the incarcerated person is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563–70 (1974).

The FAC fails to state a colorable claim for two separate reasons. First, Mr. James fails to establish the existence of a liberty interest. He does not assert that he faced an atypical and significant hardship from the allegedly false disciplinary charge or subsequent disciplinary proceedings. Because the charges were ultimately dismissed, Mr. James did not suffer any adverse consequences as a result of the erroneous charge. Accordingly, it does not appear that Mr. James could allege facts to support the existence of a liberty interest in any second amended complaint.

Furthermore, even if Mr. James established the existence of a liberty interest, he does not allege facts to support that his right to due process was violated. Mr. James contends that disciplinary report was false, but making false statements or bringing false charges, standing alone, is not a due process violation. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Rather, as long as an incarcerated individual is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). Mr. James was afforded a disciplinary hearing that comported with due process requirements. As such, the Court finds that Mr. James would be unable to state a due process claim in any amended complaint.

Mr. James also alleges that the false disciplinary charge violated Nevada Statutes, but the Court notes that allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (holding that "a 'mere error of state law' is not a denial of due process") (citation omitted).

In sum, the allegations in the FAC fail to support a due process claim, and the Court dismisses this claim with prejudice as any attempt at amendment would be futile.

**B. State Law Claim**

In civil actions in which federal district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Mr. James alleges that Defendant Trascan violated Nevada state law. It is not entirely clear whether James is attempting to bring a separate state law claim or alleging that the violation of state law supports a due process claim. To the extent that James is trying to bring a separate state law claim, the Court dismisses that claim without prejudice, but without leave to amend, because the Court has dismissed Plaintiff's federal claims.

**IV. PLAINTIFF'S MOTIONS**

Mr. James has filed two applications to proceed *in forma pauperis* (ECF Nos. 4, 13), a motion to enforce an order to show cause (ECF No. 9),[1] a motion for default judgment (ECF No. 11), a motion to compel (ECF No. 12), and a motion for appointment of counsel (ECF No. 17). In light of the FAC being dismissed without leave to amend, the Court denies Mr. James's application to proceed *in forma pauperis*, and his various motions, as moot.

[1] The Court notes that no order to show cause was ever issued in this case.

## V. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that the applications to proceed *in forma pauperis* (ECF Nos. 4, 13) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court accepts the first amended complaint (ECF No. 8) as the operative complaint in this case. The Clerk of the Court is directed to send Plaintiff a courtesy copy of the first amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment due process claim is dismissed with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that any state law claims are dismissed without prejudice, but without leave to amend, because the Court lacks jurisdiction over those claims.

**IT IS FURTHER ORDERED** that because there are no remaining claims pending, the first amended complaint is dismissed in its entirety without further leave to amend.

**IT IS FURTHER ORDERED** that the Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that if The Clerk of Court is directed to enter judgment accordingly and close this case.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**